UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v. : | CASE NO.   3:18CR308(JBA) |
| ANDREW CUNNINGHAM : | April 12, 2019 |

GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

Defendant Andrew Cunningham, a registered sex offender, comes before this court with a criminal history that demonstrates he is a significant predatory risk to children. In the instant offense, Cunningham enticed a thirteen year old to engage in unlawful sexual activity only three months after his release from imprisonment for the sex abuse of a fourteen year old female and while under court supervision.

**Factual Background**

In 2014, when he was 34-years-old, the defendant was convicted of the sex abuse of a fourteen year old female who he met in an online chatroom. PSR at ¶ 42. The defendant had lied to the minor about his age (claiming he was 25) and travelled from Connecticut to Illinois to meet the minor. *Id.* He was arrested when law enforcement found him having sex with the minor in a car. *Id.* Defendant was released from prison on December 27, 2016. *Id.*

Less than three months later, on March 20, 2017, the defendant was using a different chatroom site called Omegle when he met another thirteen-year-old female (the "Minor Victim" or "MV"). PSR at ¶ 13. Just as in the first case, the defendant lied about his age (claiming initially he was 17, then 25). *Id.* The defendant enticed MV to send him sexually explicit photographs of her genitalia and engaged in significant texts about the sex acts he wanted to

1

perform on her.   PSR at ¶¶ 14-16.

On March 24, 2017, Cunningham asked the MV to come "stay with him" for a week this summer.  PSR at ¶ 19.  The MV began researching the cost of bus tickets and the defendant offered that he could "probably help you pay for it".  *Id.*   Thankfully, due to the vigilance of the minor's uncle, this never came to fruition.  Instead, the MV's uncle, who was a police officer, reported the defendant to law enforcement in Connecticut.   PSR at ¶ 20.

Upon receipt of that referral, the Connecticut State Police began an undercover operation, posing as the MV's 12-year-old friend. PSR at ¶ 21.   Cunningham did not miss a beat and immediately engaged in sexually explicit conversations with the "minor", eventually arranging her transportation to Connecticut.  *Id.*   On May 17, 2017, he was arrested at the bus stop where he was waiting for the "minor" to arrive.   Subsequently, he was convicted of attempted enticement and attempted illegal sexual contact.   PSR at ¶ 43.

**Procedural Background**

On February 21, 2018, the defendant was arrested pursuant to a criminal complaint.   On November 6, 2018, he waived indictment and pled guilty to one count of Enticement of a Minor to Engage in Unlawful Sexual Activity in violation of 18 USC §2422(b).   As part of the plea agreement, the defendant acknowledged that, "in light of [his] status as a registered sex offender at the time of the present offense, [he] could have been charged with violation of 18 U.S.C. § 2260A, which would have exposed him to a sentence of 10 years' imprisonment to run consecutive to the term of imprisonment imposed for the present offense."

**The Plea Agreement and Presentence Report**

The PSR and the Plea Agreement are in agreement on the correct guideline calculation and the resulting total offense level of 35. However, the plea agreement reflected that the parties anticipated the defendant had a criminal history of II, but the PSR accurately notes that the defendant should be a criminal history category III because he committed this offense while under a criminal justice sentence for aggravated sexual abused.

The Government does not object to a departure or variance under *United States v. Fernandez,* 877 F.2d 1138 (2d Cir. 1989) to give effect to the range contemplated in the plea agreement of 210 to 262 months' imprisonment. Given the nature of the crime and the defendant's persistent criminal behavior, the Government requests the Court to sentence the defendant at the high end of the resulting range. The Government also requests that the defendant receive a lifetime term of supervised release.

**Analysis of the Section 3553(a) Factors**

Title 18, United States Code, Section 3553(a) instructs a sentencing court to consider, in determining the sentence to be imposed, both the nature and circumstances of the offense and the history and characteristics of the defendant. In addition, the court shall consider

> the need for the sentence imposed –
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a). As well as the kinds of sentences and sentencing ranges available. *Id* at § 3553(a)(3)-(4). In the Government's view, the factors listed below are the most significant in this

case and weigh in favor of a term of imprisonment at the high end of the parties' agreed sentencing range of 168-210.

1. **The nature and circumstances of the offense**

It is difficult to overstate the egregious nature of the offense. The defendant preyed upon a vulnerable thirteen-year-old girl. The defendant's texts give a glimpse into his single-minded intention to obtain sexually explicit images from the minor, to discuss sexual acts and, potentially, plant a seed for a future in-person meeting.

MV's mother's thoughtful letter provides insight into the devastating impact of the offense on the MV and her family. PSR, Second Addendum. "She now has issues trusting people. It has affected how she interacts with family and friends. She is embarrassed and depressed. She is in counseling now because of depressions and has started cutting herself. She keeps things to herself now and does not open up to her family anymore because she looks at herself differently and is afraid of how we will look at her. A week after I found out she was communicating with this guy I found a suicide note in her diary." *Id.*

## The History and Characteristics of the Defendant

The defendant's criminal history warrants a sentence at the high end of the agreed range. First, the defendant engaged in this enticement within months after his release from prison for a similar offense and while under court supervision. Second, the defendant's history shows he is a danger to children. The defendant was not deterred by his previous conviction. He was not deterred by being on parole and under supervision. He is a persistent danger.

The Government appreciates that the defendant himself was a victim of neglect and abuse as a child. However, to the extent prior abuse had any bearing on the instant offense, it is

4

outweighed by present concerns of his future dangerousness.  See <u>United States v. Gross</u>, 437 F.3d 691, 695 (7th Cir. 2006) ("[the defendant] may or may not be less culpable, morally speaking, because of what he has been through. But a defendant's culpability is not the only basis for imposing a prison sentence. Deterrence and incapacitation are also reasons to punish.").

### **The Seriousness of the Offense, Respect for the Law, General Deterrence**

Online enticement is conducted in secret.  Potential offenders who feel secure hiding behind the veil of the Internet should be aware that enticing a minor will result in a long period of incarceration and, if this is your second offense involving children, an even stronger punishment will be result.  This was a serious crime against a minor who, but for the fortunate intervention of a vigilant uncle, could have had a tragic result.  The Government submits that a sentence at or near 262 months' imprisonment is needed to reflect the seriousness of the offense committed by Cunningham and provide a message of deterrence to all.

### **Just Punishment, Protection of the Public and Specific Deterrence**

The combination of the depravity of the defendant's messages to the minor victim, his commission of the offense while on parole, and his significant criminal history of hands-on abuse establishes that the public needs to be protected from him.  As the MV's mother noted, "he is a predator and gets better a perfecting his game with every girl he gets away with.  So in my opinion he should get as much time as allowed and he should not be released to victimize another girl because there are at least two girls trying to recover from his damage."  PSR Second Addendum.

**Supervised Release**

The Government submits that the imposition of a lifetime term of supervised release is reasonable under the facts of this case.   Moreover, a lifetime term is expressly recommended under the Sentencing Guidelines.   U.S.S.G. § 4B1.5 cmt. n. 5. (**"**The statutory maximum term of supervised release is recommended for offenders sentenced under this guideline.").

It is significant that the defendant committed the instant offense while under state supervision.   Despite all of these factors, the defendant almost immediate began to re-offend. "The fact that [the defendant]. . . already *was* a recidivist-weakens substantially his argument that the recommended Guidelines term of supervised release was unreasonable in his case." United States v. Hayes, 445 F.3d 536, 537 (2d Cir. 2006).

**Conclusion**

For the reasons stated above, the Government requests the Court to sentence the defendant to a term of incarceration at the high end of the parties' stipulated range of 210 to 262 months and a term of life imprisonment.

    Respectfully submitted,

    JOHN H. DURHAM
    UNITED STATES ATTORNEY

    *Nancy V. Gifford*

    NANCY V. GIFFORD
    ASSISTANT UNITED STATES ATTORNEY
    Federal Bar No. ct16324
    450 Main Street, Room 328
    Hartford, CT 06103
    (860) 947-1101

CERTIFICATION OF SERVICE

       I hereby certify that on April 12, 2019 a copy of the foregoing Motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

      /s/ *Nancy V. Gifford*
      Nancy V. Gifford
      Assistant United States Attorney