# UNITED STATES DISTRICT COURT
## District of Connecticut

### JUDGMENT IN A CRIMINAL CASE

UNITED STATES OF AMERICA

V.

ANDREW CUNNINGHAM

Case No.: <u>18CR308 (JBA)</u>

USM No.: <u>25751-014</u>

<u>Nancy Gifford</u>
Assistant United States Attorney

<u>Moira Buckley</u>
Defendant's Attorney

The Defendant <u>pled guilty</u> to Count <u>1</u> of the <u>Information</u>.

Accordingly, the Defendant is adjudicated guilty of the following offense:

| Title & Section | Nature of Offense | Offense Concluded | Count |
|---|---|---|---|
| Title 18 United States Code §2422(b) | Enticement of a Minor to Engage in Illegal Sexual Activity | 3/27/2017 | 1 |

The following sentence is a departure imposed pursuant to the Sentencing Reform Act of 1984 and <u>US v Fernandez</u>, 877 F2d 1138 (2d Cir 1989).

**IMPRISONMENT**
The Defendant is ordered committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total of <u>216 months</u>, with credit given for the time served since the date of his arrest on February 22, 2018 and to run concurrently with the remainder of his state sentence.

**SUPERVISED RELEASE**
Upon release from imprisonment, the Defendant shall be on Supervised Release for a total term of <u>10 years</u>.

The Mandatory and Standard Conditions of Supervised Release as attached are imposed. In addition, the following Special Conditions are imposed:

(1) The Defendant must not associate with children under the age of 18 except in the presence of a responsible adult who is aware of the nature of his background and current offense and who is

approved by the Probation Officer. The Defendant must not be employed in any position or participate as a volunteer in any activity that involves contact with children under the age of 18, except as approved by the Probation Officer.

(2) The Defendant must participate in a program approved by the Probation Office for mental health treatment, with an emphasis on sexual offender treatment. The Defendant must comply with the policies and rules of that program. The Probation Officer, in consultation with the treatment provider, will supervise the Defendant's participation in the program. The Defendant will pay all or a portion of costs associated with treatment based on his ability to pay as recommended by the Probation Office and approved by the Court.

(3) The Defendant must not loiter around playgrounds, school, youth-oriented organizations/clubs, or other places where children under the age of 18 are known to congregate. He must not associate with or have contact with convicted sex offenders or those considered inappropriate by the Probation Office because of a connection to sexual abuse of minors or sexually explicit materials involving minors, unless as part of an approved counseling program.

(4) The Defendant must not possess any materials including pictures, photographs, books, writings, drawings, videos or video games depicting what are described as child pornography as defined in 18 U.S.C. § 2256(8).

(5) The Defendant must submit his person, residence, office, or vehicle to a search conducted by a Probation Officer based upon reasonable suspicion of sexually explicit contraband involving a minor or evidence of a violation of a condition of release. Failure to submit to a search is grounds for revocation. The Defendant must inform any other residents that the premises are subject to searches pursuant to this condition.

(6) The Defendant must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. 16901, et seq.) as directed by the Probation Office, the Bureau of Prisons, or any state sex offender registration agency, in which he resides, works, is a student, or was convicted of a qualifying offense.

(7) The Defendant must provide the Probation Office with access to any requested financial information, including but not limited to, telephone/cellular phone bills and credit card statements in order to ascertain his activities.

(8) The Defendant must submit all photographic equipment, personal computers or other Internet capable devices and related equipment, that he owns, controls, or uses, to a review conducted by the U.S. Probation Office or its designee at a reasonable time and manner without prior notice or search warrant. He must also permit the Probation Office to install and use monitoring programs on all such equipment. He must bear the costs of said monitoring programs. Refusal to submit to such search is a violation of conditions of supervision

(9) The Defendant must participate in a program, if recommended by the Probation Office, for outpatient substance abuse treatment and testing. He must follow the rules and policies of that program. The Probation Officer will supervise his participation in the program. He must pay all or a portion of costs associated with treatment based on his ability to pay as recommended by the Probation Officer and approved by the Court.

**CRIMINAL MONETARY PENALTIES**
The Defendant must pay the total criminal monetary penalties under the schedule of payments as follows:

| | |
|---|---|
| Special Assessment: | $100 |
| Fine: | Waived |
| Restitution: | N/A |

It is further ordered that the Defendant will notify the United States Attorney for this District within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are paid.

The following Counts have been dismissed:   N/A

**JUDICIAL RECOMMENDATION TO THE BUREAU OF PRISONS**
The Court recommends that the Defendant be designated to FMC Devens to allow him to participate in the Sex Offender Management Program.

April 18, 2019
Date of Imposition of Sentence

/s/ Janet Bond Arterton, U.S.D.J.
Janet Bond Arterton, United States District Judge
Date: April 23, 2019

## CONDITIONS OF SUPERVISED RELEASE

**In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:**

### MANDATORY CONDITIONS

(1) You must not commit another federal, state or local crime.

(2) You must not unlawfully possess a controlled substance.

(3) You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

(4) ■ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

(5) ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

(6) ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

(7) ☐ You must make restitution in accordance with 18 U.S.C.§§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*

### STANDARD CONDITIONS

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

(1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

(2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

(3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

(4) You must answer truthfully the questions asked by your probation officer.

(5) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

(6) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
(7) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so.  If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
(8) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
(9) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
(10) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
(11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
(12) You must follow the instructions of the probation officer related to the conditions of supervision.

Upon a finding of a violation of supervised release, I understand that the court may (1) revoke supervision <u>and impose a term of imprisonment</u>, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____     _____
              Defendant                                                       Date

_____     _____
U.S. Probation Officer/Designated Witness              Date

**CERTIFIED AS A TRUE COPY ON THIS DATE:** _____

By: _____
     Deputy Clerk

**RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____ a _____, with a certified copy of this judgment.

                                                                     Brian Taylor
                                                          Acting United States Marshal

                              By  _____
                                                          Deputy Marshal